William B. Groat, J.
In this action by a former employee of the defendants to recover the sum of $20,000 alleged to be due him under a contract of employment pursuant to which he was to be paid a salary of $150 per week plus a sum amounting to 10% of the net profits of the defendants’ business, the plaintiff served a notice to examine the defendants Karl Kaltenbach and Ludwig Schmidt before trial and to produce certain books and records for use in accordance with section 296 of the Civil Practice Act.
This motion is by the defendants to modify said notice by deleting item 5 thereof dealing with the ‘ ‘ amount of net profits earned by defendants for the period beginning with Sept. 20, 1954 and terminating June 21,1957 ”, or restricting the examination under this item until the plaintiff has established his cause of action with respect to his contractual right to be paid a percentage of the net profits earned by the defendants, and accordingly to modify the subpoena duces tecum so as to limit the use of the books and records therein specified.
The action being one at law and on contract the plaintiff is entitled to the examination under item 5 and to the production of relevant and material books and records. (Tannenbaum v. Carvel, 271 App. Div. 790.) An action such as this is to be distinguished from an action in equity for an accounting in which the profits ordinarily become relevant subjects of examination only after the right to the accounting has been decreed. (Boylan v. Foremost Mach. Bldrs., N. Y. L. J., Oct. 24, 1952, p. 934, col. 4.) The fact that the plaintiff is claimed to be in a competing business should not deprive him of the right to examine his former employers on the item in question, since no secret process is claimed. However, the court will limit the examination and the production of relevant books and records in the first instance to the subject of net profits for the period in question without requiring the defendants to disclose the names of their customers. If in the course of the examination the plaintiff should require the latter information, application to the Justice presiding at Special Term, Part II, should be made for a ruling thereon.
The examination will take place in this court on a date and time to be agreed upon by the parties in the order to be settled on t-wo days’ notice,